UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN PIERDON,  Plaintiff,  v.  KILOLO KIJAKAZI, Acting Commissioner of Social Security[1],  Defendant. | No.  2:20-cv-2151 DB  ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff argues that the Administrative Law Judge's residual functional capacity determination was unsupported by evidence.  For the reasons explained below, defendant's motion is granted and this action is closed.

////

---

[1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social Security and has, therefore, been substituted as the defendant.  See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (See ECF No. 18.)

1

**PROCEDURAL BACKGROUND**

In July of 2017, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on January 1, 2015. (Transcript ("Tr.") at 690-97.) Plaintiff's alleged impairments included Fibromyalgia, osteoarthritis, ADHD, depression, and anxiety. (Id. at 714.) Plaintiff's applications were denied initially, (id. at 615-19), and upon reconsideration. (Id. at 623-28.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on December 19, 2019. (Id. at 510-42.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 510-13.) On February 3, 2020, the ALJ issued a decision finding that plaintiff was not disabled. (Id. at 285.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2019.
>
> 2. The claimant has not engaged in substantial gainful activity since January 1, 2015, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: chronic pain due to arthritis and fibromyalgia; obesity; depressive disorder; anxiety disorder; and personality disorder (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5[3]. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) in that she can lift and carry twenty pounds occasionally and ten pounds frequently, sit for six hours of an eight hour day and stand and walk for six hours of an eight hour day except she can occasionally climb ladders, ropes and scaffolds, kneel and crawl. She can frequently balance, climb ramps and stairs, crouch and stoop. She can frequently handle and finger with the left non-dominant hand; and

---

[3] The ALJ's decision erroneously lists this a "1" and misnumbers the remainder of the lists. (Tr. at 276.)

      can do no overhead reach with the right upper extremity. She can perform simple repetitive tasks, with no tandem work, and no public contact. She can occasionally interact with supervisors, and co-workers.

      6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

      7. The claimant was born [in] 1968 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

      8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

      9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

      10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

      11. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2015, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 273-85.)

On August 21, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's February 3, 2020 decision. (Id. at 10-15.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on October 26, 2020. (ECF. No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

////

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

////

////

////

////

**APPLICATION**

Plaintiff's pending motion asserts that the ALJ's residual functional capacity determination was not supported by substantial evidence. (Pl.'s MSJ (ECF No. 17) at 6-9.[4]) A claimant's Residual Functional Capacity ("RFC") is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1); see also Cooper v. Sullivan, 880 F.2d 1152, n.5 (9th Cir. 1989) ("A claimant's residual functional capacity is what he can still do despite his physical, mental, nonexertional, and other limitations."). In conducting an RFC assessment, the ALJ must consider the combined effects of an applicant's medically determinable impairments on the applicant's ability to perform sustainable work. 42 U.S.C. § 423(d)(2)(B); Macri v. Chater, 93 F.3d 540, 545 (9th Cir. 1996).

The ALJ must consider all of the relevant medical opinions as well as the combined effects of all of the plaintiff's impairments, even those that are not "severe." 20 C.F.R. §§ 404.1545(a); 416.945(a); Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003). "[A]n RFC that fails to take into account a claimant's limitations is defective." Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009). The ALJ must determine a claimant's limitations on the basis of "all relevant evidence in the record." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

Here, plaintiff underwent a spinal MRI on March 4, 2018. (Tr. at 1233-32.) Plaintiff argues that while the MRI report was presented to the ALJ, "it was never reviewed by a physician to provide limitations based on the results." (Pl.'s MSJ (ECF No. 17) at 6.) The ALJ, however, did review the March 4, 2018 MRI. In doing so, the ALJ explained that the MRI showed only "mildly increased degenerative changes since 2016[.]" (Tr. at 278.)

It is true that "ALJs must not succumb to the temptation to play doctor and make their own independent medical findings." Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996). Here, however, the ALJ did not make medical findings. The ALJ simply reviewed the March 4, 2018 MRI—accurately noting that it reflected only mild changes—and formulated an RFC. (Tr. at

---

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

278, 1232-33.) "ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." Farlow v. Kijakazi, 53 F.4th 485, 488 (9th Cir. 2022); see also Rounds v. Commissioner Social Sec. Admin., 807 F.3d 996, 1006 (9th Cir. 2015) ("the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC").

Under these circumstances, the court cannot find that the ALJ committed harmful error. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1193 (9th Cir. 2004) ("if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision").

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for summary judgment (ECF No. 19) is granted;

2. Plaintiff's motion for summary judgment (ECF No. 17) is denied;

3. The Commissioner's decision is affirmed; and

3. The Clerk of the Court is ordered to enter judgment for defendant and close this case.

Dated: September 1, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\pierdon2151.ord